# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Jose Antonio RIOS-Beltran<br><br>*Defendant(s)* | Case No. 2:22-mj-0053 CKD |

**FILED** Apr 9, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 17, 2022 in the county of Sacramento in the Eastern District of California, the defendant(s) violated:

*Code Section* — *Offense Description*

21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute at least one kilogram of a mixture and substance containing heroin

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

DEA Special Agent Maxim Lashchuk
*Printed name and title*

Sworn to me and signed telephonically.

Date: April 9, 2022 at 6:16 am

*Judge's signature*

City and state: Sacramento, California    Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF SPECIAL AGENT MAXIM LASHCHUK IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Maxim Lashchuk, being duly sworn, depose and state the following:

### Purpose

1. This Affidavit is made in support of a criminal complaint and arrest warrant for:

    a. **Jose Antonio RIOS-Beltran**

   For the following federal law violations:

   > 21 U.S.C. § 841(a)(1) – Possession with intent to distribute at least one kilogram of a mixture and substance containing heroin, a Schedule I controlled substance.

### Affiant's Background and Experience

1. I am a Special Agent with the U.S. Drug Enforcement Administration (DEA) and have been so employed since 2014. After I was hired by the DEA, I completed Basic Agent training at the DEA's Training Academy in Quantico, Virginia, where I received specialized training in narcotics investigations, to include training in the Controlled Substances Act. I received further training in search and seizure law, drug identification, drug-trafficking trends and methods, evidence gathering, undercover operations, confidential source handling, physical and electronic surveillance, and many other facets of drug law enforcement. After completing Basic Agent training, I was assigned to the DEA's Sacramento District Office.

2. During the course of my employment as a DEA Special Agent, I have participated in numerous criminal investigations targeting individuals involved in the trafficking of controlled substances, including heroin, fentanyl, methamphetamine, cocaine, cocaine base, and marijuana. I have participated in executing numerous search warrants involving the aforementioned controlled substances, the seizure of narcotics-related records, and other evidence that documents the activities of criminal organizations in both the manufacturing and distribution of controlled substances. In conducting such investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance, various types of infiltration, including undercover agents, informants, and cooperating sources. Through these investigations, my training and experience, and conversations with other agents and law enforcement officers, I am familiar with the methods used by drug traffickers to manufacture, transport, store, distribute controlled substances, and to collect and launder drug proceeds.

3. Based on my training and experience as a DEA Special Agent, I am familiar with the federal laws pertaining to controlled substances and firearms. I know that it is unlawful under Title 21 of the United States Code, Sections 841(a)(1) and 846, to possess with intent to distribute controlled substances, and to conspire to do the same. I know that heroin is listed as Schedule I controlled substance under the Controlled Substances Act.

4.      This Affidavit is made in support of a criminal complaint and arrest warrant charging **Jose Antonio RIOS-Beltran** with possession with intent to distribute at least one kilogram of a mixture and substance containing heroin, in violation of 21 U.S.C. § 841(a)(1).

5.      The information contained in this Affidavit is based on my review of the reports and files in this case, conversations with other law enforcement personnel involved in this case, and my own personal knowledge.  Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case.  Rather, I have set forth only those facts I believe are necessary to support probable cause for a criminal complaint and arrest warrant.

## Statement of Probable Cause

6.      On March 17, 2022, at approximately 7:56 p.m., San Joaquin County Sheriff's Office Deputy Jorge Negrete, a trained narcotics K-9 handler, was out on patrol on Interstate 5 near Highway 132 in San Joaquin County, California. Deputy Negrete observed a silver Ford Explorer driving at a high rate of speed, lane straddling, and following other vehicles too close. Deputy Negrete followed the Ford Explorer for approximately a mile and paced the Ford's speed to be 90 mph. Deputy Negrete initiated a lawful enforcement stop for a speeding violation, lane straddling, and following too close. The Ford was bearing a California license plate 8YTP211. California Department of Motor Vehicles records show the plate is registered to Jose A. RIOSBELTRAN of 2548 E Marsh St., Stockton, California.

7.      Jose Antonio RIOS-Beltran was the driver of the Ford and had three female passengers with him in the vehicle. RIOS-Beltran did not have a valid California driver's license. While Deputy Negrete's partner was citing RIOS-Beltran for the traffic violations, Deputy Negrete asked RIOS-Beltran for consent to search the Ford. RIOS-Beltran declined to give consent. Deputy Negrete then deployed his trained narcotics detection canine, Phoenix, to sniff the exterior of the Ford. Deputy Negrete observed Phoenix give a positive alert to the odor of narcotics emanating from the rear tailgate area. Deputy Negrete searched the truck area and located three bundles depicted in the picture below of what appeared to be heroin. Next to the heroin was a 2000 gram digital scale. After reading RIOS-Beltran his Miranda warnings, Deputy Negrete asked RIOS-Beltran what was inside the three bundles. RIOS-Beltran said that it was two kilograms of heroin which he picked up earlier that day from Los Angeles, California. The suspected heroin was subsequently submitted to the DEA Laboratory for analysis and it tested positive for heroin with a net weight of 1945 grams. RIOS-Beltran specifically told Deputy Negrete that the three female passengers had nothing to do with the heroin; they simply came along for the ride with him.

8.      Based on RIOS-Beltran's self-admission that the three bundles contained approximately two kilograms of heroin and the positive K-9 alert to the area of the Ford where the suspected heroin was found, RIOS-Beltran was arrested on the following California State Drug Charges:

- HS 11352(B) Felony – Transport/Sell Narc Controlled Substance Between Counties
- HS 11352 Felony – Transport/Sell Narc Controlled Substance

- HS 11351 Felony – Possess/Purchase for Sale Narcotic/Controlled Substance



9.      RIOS-Beltran's criminal history includes the following: On November 3, 1998, RIOS-Beltran was arrested in Stockton, California for Transport/Sell Narcotic/Controlled Substance (11352 HS - felony) and Possess Control Substance for Sale (11378 HS - felony). RIOS-Beltran was later convicted and sentenced to 6 months in jail. On December 15, 1998, RIOS-Beltran was formally deported from the U.S. for being in the U.S. illegally. On June 26, 2007, RIOS-Beltran was arrested at the U.S. San Ysidro POE for attempted entry in to the U.S. by using a fraudulent passport/Visa. On February 22, 2018, RIOS-Beltran was arrested in Stockton, California and subsequently convicted for Possession/Purchase for Sale Narcotic/Controlled Substance (11351 HS - felony) with an enhancing factor of being armed with a firearm, and was sentenced to 3 years in jail. It appears that RIOS-Beltran was released from jail sometime in early 2021.

[CONTINUED ON THE NEXT PAGE]

**Conclusion**

10. This Affidavit is made in support of a criminal complaint and arrest warrant charging **Jose Antonio RIOS-Beltran** with possession with intent to distribute at least one kilogram of a mixture and substance containing heroin, in violation of 21 U.S.C. § 841(a)(1).

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

/s/
Maxim Lashchuk
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me telephonically on April 8, 2022.

Hon. Carolyn K. Delaney
United States Magistrate Judge

Approved as to form:

 /s/ David Spencer
David Spencer
Assistant United States Attorney

## United States v. RIOS-Beltran
### Penalties for Criminal Complaint

**Defendants**
**Jose Antonio RIOS-Beltran**

VIOLATION: 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute at least one kilogram of a mixture and substance containing heroin

PENALTIES: Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)